**UNITED STATES ATTORNEY'S OFFICE**
CRAIG CARPENITO
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re*<br><br>FREDERICK ROYSTER,<br><br>Debtor. | Chapter 13<br><br>Case No. 19-29028-JKS<br><br>Judge John K. Sherwood<br><br>**Hearing Date: January 23, 2020**<br>**Hearing Time: 8:30 a.m.** |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION**
**OF DEBTOR'S CHAPTER 13 PLAN**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtor's Chapter 13 Plan (the "Plan") [ECF Doc No. 3]. In support thereof, the Service respectfully represents as follows:

**RELEVANT BACKGROUND**

1. Frederick Royster (the "Debtor") filed a voluntary petition under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on October 7, 2019 (the "Petition Date") [ECF Doc. No. 1].

2.      The Debtor has unpaid federal income tax liabilities for numerous tax years. *See* Claim No. 4. Prior to the Petition Date, the Service filed a Notice of Federal Tax Lien (the "Tax Lien") against the Debtor. *Id.* Pursuant to 26 U.S.C. § 6321, the Tax Lien encumbers all of the Debtor's "property and rights to property, whether real or personal." 26 U.S.C. § 6321.

3.      The Service filed a secured proof of claim against the Debtor pursuant to 11 U.S.C. § 506(a) in the amount of $108,691.69, which amount is secured by the Tax Lien on the Debtor's scheduled real and personal property[1] (the "Secured Claim"). *See* Claim No. 4.

4.      For the reasons described below, the Plan is not confirmable.

## OBJECTION

### A. The Plan is Not Confirmable with Respect to the Service's Secured Claim

5.      With respect to the Secured Claim, the Plan fails to comply with the provisions of Bankruptcy Code section 1325(a)(5), which requires, *inter alia*, that a chapter 13 plan to provide for the retention of the secured creditor's liens and full payment, plus post-confirmation interest. Contrary to section 1325(a)(5)'s requirements, the Plan provides for (i) less than full payment of the Secured Claim and (ii) treatment as an *unsecured* priority claim. *See* Plan, Parts 3, 4. This defect renders the Plan unconfirmable.

---

[1] *See* Debtor's Schedule A/B: Property [ECF Doc. No. 1].

2

6.  In addition to failing to provide for full payment, the Plan is not confirmable with respect to the Secured Claim for the following reasons:

   a. It fails to provide that the Service will retain its liens against the property of the Debtor for the time periods required by § 1325(a)(5)(B)(i)(I)-(II).[2]

   b. It fails to calculate (and provide payment for) post-confirmation interest on the Secured Claim. *Id.* § 1325(a)(5)(B)(ii); *In re Princeton Office Park, L.P.*, 423 B.R. 795, 806 (Bankr. D.N.J. 2010) (recognizing that section 1325(a)(5)(B)(ii) requires payment of an appropriate rate of post-confirmation interest on secured claims).

      i. The interest rate established by 26 U.S.C. § 6621 and the regulations thereunder (5%), applies here. 11 U.S.C. § 511(a)-(b).

      ii. Thus, applying this statutory interest rate, the Plan must provide for a ***total payment on the Secured Claim of $123,099.00***.

---

[2] It bears noting that property claimed as exempt by the Debtor under 11 U.S.C. § 522 does not impact the allowed amount of the Secured Claim. 11 U.S.C. § 522(c)(2)(B) (mandating that "property exempted under this section is not liable during or after the case for any debt of the debtor . . . except . . . a debt secured by a lien that is . . . a tax lien, notice of which was properly filed." (emphasis added)); *Paratore v. IRS (In re Paratore)*, 1995 Bankr. LEXIS 508, at *9 (Bankr. D.N.J. 1995) ("It is clear from § 522(c)(2)(B), that Congress did not intend that any bankruptcy debtor could exempt any property from a perfected tax lien."); *see also Downey v. Georgia (In re Downey)*, 2006 Bankr. LEXIS 2737, at *4 (Bankr. N.D. Ga. Sept. 27, 2006) ("The Debtors' estate has an interest in the motor vehicles and personal property, and the Debtor cannot exempt those assets from a tax lien, notice of which is properly filed . . . If the tax lien was properly filed, then, the State has a secured claim to the extent of the value of the Debtors' assets.") (internal quotation marks omitted).

### B. The Plan (i) is Not Feasible Under Bankruptcy Code Section 1325(a)(6) & (ii) Violates Bankruptcy Code Section 1325(b)(1)

7.      Pursuant to Bankruptcy Code section 1325(a)(6), the Court cannot confirm a chapter 13 plan unless "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). The burden of establishing this feasibility requirement rests squarely on the Debtor. *In re Jensen*, 425 B.R. 105, 110 (Bankr. S.D.N.Y. 2010) ("Debtors have the burden to prove that their plans are feasible.").

8.      Here, the Plan proposes to pay ***only $200 per month for two years*** despite the Debtor disclosing ***net monthly income of $2,609.20***. *Compare* Plan at 8 *with* Schedule J: Your Expenses [ECF Doc. No. 1] at 33. The Plan then contemplates making payments of $2,600 per month for months 25 through 59 and ***a final balloon payment of $82,600.00*** at month 60. Plan at 8.

9.      Based on the above, section 1325(a)(6)'s feasibility requirement has not been met because the Plan relies on the unsupported assumption that the Debtor will be able to fund payments (including a significant final balloon payment) from the proceeds of personal injury litigation that has yet to be initiated. Plan, Part 1. The Debtor has provided no basis for such an aspiration to be credited (*e.g.*, a reliable analysis of the value of the claims, why they are likely to succeed, and when such claims will result in payment to the Debtor). As a result, the Debtor has not shown that he will be able to make Plan payments as required by section 1325(a)(6). *See, e.g., In re Merhi*, 518 B.R. 705, 712 (Bankr. E.D.N.Y. 2014) ("'As a general rule,

bankruptcy courts have found that a plan which provides for a single lump sum payment to creditors, at or near the end of the plan term . . . is not feasible.'") (citation omitted); *In re Milstein*, 2014 Bankr. LEXIS 3039, at *7 (Bankr. D. Colo. July 15, 2014) ("Plans that propose to make a late or end-of-plan balloon payment can rarely meet the Code's feasibility requirement for plan confirmation."); *In re Gundrum*, 509 B.R. 155, 164 (Bankr. S.D. Ohio 2014) ("[S]peculative plans that hinge on a contingent event, such as refinancing or sales of real estate, which are scheduled to occur months or perhaps even years away, simply cannot meet the feasibility standard under § 1325(a)(6)."); *In re Harris*, 199 B.R. 434, 436-37 (Bankr. D.N.H. 1996) (denying confirmation under section 1325(a)(6) where the debtor failed to provide sufficient evidence of ability to fund proposed balloon payment); *see also In re Hogue*, 78 B.R. 867, 873-74 (Bankr. S.D. Ohio 1987) ("Where the consummation of a Chapter 13 plan hinges entirely upon the happening of a speculative, contingent event, scheduled to occur some three to five years from the date of confirmation, such a plan simply cannot meet the feasibility requirement of § 1325(a)(6).").

10. The lack of feasibility is particularly stark here, where the Debtor is proposing to pay a paltry $200 per month for the first two years of the Plan despite having **net** monthly income of more than $2,600.00. Plan at 8. Essentially, the Debtor is asking creditors to assume the risk of his speculative litigation calculus, while he keeps his disposable income for himself. In addition to rendering the Plan

unfeasible, the Debtor's attempt to shield his disposable income from creditors violates Bankruptcy Code section 1325(b)(1) (requiring debtor to pay all disposable income into chapter 13 plan for payment to unsecured creditors unless unsecured claims are otherwise to be paid in full). Thus, independent of the feasibility requirement of section 1325(a)(6), the Debtor's failure to contribute all of his disposable income renders the Plan unconfirmable section 1325(b)(1).

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: December 19, 2019

CRAIG CARPENITO
United States Attorney

*/s/ Eamonn O'Hagan*
EAMONN O'HAGAN
Assistant U.S. Attorney

*Attorneys for the
United States of America*