**UNITED STATES ATTORNEY'S OFFICE**
CRAIG CARPENITO
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* <br><br> FREDERICK ROYSTER, <br><br> Debtor. | Chapter 13 <br><br> Case No. 19-29028-JKS <br><br> Judge John K. Sherwood <br><br> **Hearing Date: April 9, 2020** <br> **Hearing Time: 8:30 a.m.** |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION**
**OF DEBTOR'S MODIFIED CHAPTER 13 PLAN**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtor's Chapter 13 Plan (the "Plan") [ECF Doc No. 39]. In support thereof, the Service respectfully represents as follows:

**RELEVANT BACKGROUND**

1. Frederick Royster (the "Debtor") filed a voluntary petition under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on October 7, 2019 (the "Petition Date") [ECF Doc. No. 1].

2.  The Debtor has unpaid federal income tax liabilities for numerous tax years. *See* Claim No. 4. Prior to the Petition Date, the Service filed a Notice of Federal Tax Lien (the "Tax Lien") against the Debtor. *Id.* Pursuant to 26 U.S.C. § 6321, the Tax Lien encumbers all of the Debtor's "property and rights to property, whether real **or personal**." 26 U.S.C. § 6321 (emphasis added).

3.  The Service filed a secured proof of claim against the Debtor pursuant to 11 U.S.C. § 506(a) in the amount of $108,691.69, which amount is secured by the Tax Lien on **all** of the Debtor's scheduled property[1] (the "Secured Claim"). *See* Claim No. 4.

4.  For the reasons described below, the Plan is not confirmable.

## OBJECTION

### A. The Plan is Not Confirmable with Respect to the Service's Secured Claim

5.  With respect to the Secured Claim, the Plan fails to comply with the provisions of Bankruptcy Code section 1325(a)(5), which requires, *inter alia*, that a chapter 13 plan to provide for the retention of the secured creditor's liens and full payment, plus post-confirmation interest. Contrary to section 1325(a)(5)'s requirements, the Plan provides for no payment of the Secured Claim. *See* Plan, Part 4. This defect renders the Plan unconfirmable.

6.  In addition to failing to provide for full payment, the Plan is not confirmable with respect to the Secured Claim for the following reasons:

---

[1] *See* Debtor's Schedule A/B: Property [ECF Doc. No. 38].

2

    a. It fails to provide that the Service will retain its liens against the property of the Debtor for the time periods required by § 1325(a)(5)(B)(i)(I)-(II).[2]

    b. It fails to calculate (and provide payment for) post-confirmation interest on the Secured Claim. *Id.* § 1325(a)(5)(B)(ii); *In re Princeton Office Park, L.P.*, 423 B.R. 795, 806 (Bankr. D.N.J. 2010) (recognizing that section 1325(a)(5)(B)(ii) requires payment of an appropriate rate of post-confirmation interest on secured claims).

        i. The interest rate established by 26 U.S.C. § 6621 and the regulations thereunder (5%), applies here. 11 U.S.C. § 511(a)-(b).

        ii. Thus, applying this statutory interest rate, the Plan must provide for a ***total payment on the Secured Claim of $123,099.00***.

---

[2] It bears noting that property claimed as exempt by the Debtor under 11 U.S.C. § 522 does not impact the allowed amount of the Secured Claim. 11 U.S.C. § 522(c)(2)(B) (mandating that "property exempted under this section is not liable during or after the case for any debt of the debtor . . . except . . . a debt secured by a lien that is . . . a tax lien, notice of which was properly filed." (emphasis added)); *Paratore v. IRS (In re Paratore)*, 1995 Bankr. LEXIS 508, at *9 (Bankr. D.N.J. 1995) ("It is clear from § 522(c)(2)(B), that Congress did not intend that any bankruptcy debtor could exempt any property from a perfected tax lien."); *see also Downey v. Georgia (In re Downey)*, 2006 Bankr. LEXIS 2737, at *4 (Bankr. N.D. Ga. Sept. 27, 2006) ("The Debtors' estate has an interest in the motor vehicles and personal property, and the Debtor cannot exempt those assets from a tax lien, notice of which is properly filed . . . If the tax lien was properly filed, then, the State has a secured claim to the extent of the value of the Debtors' assets.") (internal quotation marks omitted).

## B. The Plan is Not Feasible Under Bankruptcy Code Section 1325(a)(6)

7.  Pursuant to Bankruptcy Code section 1325(a)(6), the Court cannot confirm a chapter 13 plan unless "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). The burden of establishing this feasibility requirement rests squarely on the Debtor. *In re Jensen*, 425 B.R. 105, 110 (Bankr. S.D.N.Y. 2010) ("Debtors have the burden to prove that their plans are feasible.").

8.  Here, the Plan proposes to pay creditors claims, in part, from the proceeds of personal injury litigation. Plan, Parts 1, 10. Those proceeds, however, are secured by the Tax Lien and are therefore the Service's collateral. 26 U.S.C. § 6321; 11 U.S.C. § 506(a). Thus, unless and until the Service's claim is paid in full, there will be no proceeds available to pay any other creditors. *Id.* Because the Debtor has failed to provide any information about the value of the litigation (*e.g.*, a reliable analysis of the value of the claims, why they are likely to succeed, and when such claims will result in payment to the Debtor), he has not shown that he will be able to make Plan payments as required by section 1325(a)(6). *See, e.g., In re Merhi*, 518 B.R. 705, 712 (Bankr. E.D.N.Y. 2014) ("'As a general rule, bankruptcy courts have found that a plan which provides for a single lump sum payment to creditors, at or near the end of the plan term . . . is not feasible.'") (citation omitted); *In re Milstein*, 2014 Bankr. LEXIS 3039, at *7 (Bankr. D. Colo. July 15, 2014) ("Plans that propose to make a late or end-of-plan balloon payment can rarely meet

4

the Code's feasibility requirement for plan confirmation."); *In re Gundrum*, 509 B.R. 155, 164 (Bankr. S.D. Ohio 2014) ("[S]peculative plans that hinge on a contingent event, such as refinancing or sales of real estate, which are scheduled to occur months or perhaps even years away, simply cannot meet the feasibility standard under § 1325(a)(6)."); *In re Harris*, 199 B.R. 434, 436-37 (Bankr. D.N.H. 1996) (denying confirmation under section 1325(a)(6) where the debtor failed to provide sufficient evidence of ability to fund proposed balloon payment); *see also In re Hogue*, 78 B.R. 867, 873-74 (Bankr. S.D. Ohio 1987) ("Where the consummation of a Chapter 13 plan hinges entirely upon the happening of a speculative, contingent event, scheduled to occur some three to five years from the date of confirmation, such a plan simply cannot meet the feasibility requirement of § 1325(a)(6).").

C. **The Plan is Unconfirmable Based on the Debtor's Failure to File Adequate Schedules**

9.   Bankruptcy Code section 521(a)(1) requires the Debtor to file complete and accurate schedules of assets and liabilities. 11 U.S.C. § 521(a)(1)(B)(i). Here, the Debtor's schedules fail to provide any value for his interest in the personal injury litigation on which the Plan's funding relies. *See* Debtor's Schedule A/B: Property, Part 4, Item 33 [ECF Doc. No. 38] (listing litigation value as "unknown" and failing to provide even the Debtor's demand amount). Thus, the schedules filed by the Debtors fail to accurately disclose his assets and liabilities and do not comply with Bankruptcy Code section 521(a)(1). *Id.* The Debtor's failure to comply with section 521 renders the Plan unconfirmable. 11 U.S.C. § 1325(a)(1) (requiring plan

5

to comply with *all* applicable Bankruptcy Code provisions); *id.* § 1325(a)(3) (requiring the plan not be proposed by means forbidden by law).

### D. The Plan is Not Confirmable Because it Has Not Been Proposed in Good Faith

10.  Pursuant to Bankruptcy Code section 1325(a)(3), the Court cannot confirm a chapter 13 plan unless the plan "has been proposed in good faith." 11 U.S.C. § 1325(a)(3). The good faith requirement is "wholly independent" of all other confirmation requirements. *In re Amos,* 452 B.R. 886, 893 (Bankr. D.N.J. 2011). In assessing good faith, courts look at the "totality of circumstances" surrounding the plan. *In re Konowicz*, 470 B.R. 725, 730 (Bankr. D.N.J. 2012). These circumstances include the way the debtor has treated a creditor following his or her bankruptcy filing. *Id.* Here, the Debtor's inexplicable decision to omit the Secured Claim from the current Plan (despite acknowledging his liability to the Service in the prior version of the Plan) manifestly demonstrates the Debtor's lack of good faith. *Id.* As a result, the Plan cannot be confirmed for this independent reason.

### CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: April 2, 2020

          CRAIG CARPENITO
          United States Attorney

          */s/ Eamonn O'Hagan*
          EAMONN O'HAGAN
          Assistant U.S. Attorney

          *Attorneys for the*
          *United States of America*